1   HONORABLE RONALD B. LEIGHTON

2

3

4

5

6   UNITED STATES DISTRICT COURT
7   WESTERN DISTRICT OF WASHINGTON
    AT TACOMA

8

RUTH L RUCKMAN, United States of    CASE NO. C08-5532 RBL
9   America, Ex Rel,
                                    ORDER
10              Plaintiff,

11        v.

12  ALFRED H CHAN, M.D. and JUDY H.
    CHAN,
13
                Defendant.
14

15      THIS MATTER comes on before the above-entitled court upon the United States'

16  Motion for Partial Default Judgment, or, in the Alternative, Partial Summary Judgment [Dkt.

17  #172].  Having considered the entirety of the records and file herein, the Court rules as follows:

18                          **I.  INTRODUCTION**

19      The United States moves the Court to either enter a default judgment as a sanction for the

20  Chans' refusal to provide court-ordered discovery or grant partial summary judgment in their

21  favor as a result of the unrefuted evidence put forth by the United States.  They seek an award of

22  $4,861,236 in damages and an order precluding Alfred and Judy Chan from contesting the

23  Government's allegations of the Chans' fraudulent transfers.  The Chans argue that neither

24

1    remedy is appropriate because they have lawfully asserted their Fifth Amendment rights in

2    response to the United States' discovery requests.  For the reasons that follow, the United States'

3    Motion is **GRANTED** in so far as it seeks partial summary judgment.

4    ## II.   BACKGROUND

5        On September 5, 2008, Plaintiff Relator Ruth Ruckman filed this *qui tam* action seeking

6    damages against Alfred H. Chan, M.D., P.C., a professional services corporation, Alfred H.

7    Chan, M.D., and Judy H. Chan, his wife and office manager.  Ms. Ruckman worked in Dr.

8    Chan's medical practice from July 2002 through June 2010.  At various times she held the

9    positions of receptionist, billing clerk, billing manager and practice manager.  She alleged that

10   Dr. Chan and Judy Chan knowingly submitted false and fraudulent claims to the United States

11   through Medicare, Washington Medicaid, TRICARE, and other public programs for services and

12   drugs provided to Dr. Chan's patients in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et.*

13   *seq.*

14       After several extensions of time to allow the United States to investigate the claims in the

15   Complaint and for negotiations between the United States and the Chans, the United States

16   intervened in this action on September 8, 2010.  On September 29, 2010, this Court issued *Ex*

17   *Parte* Pre-Judgment Writs of Garnishment on certain of the Chans' property and financial

18   accounts under the Fair Debt Collection Practices Act, 28 U.S. C. §§ 3001 *et. seq.*  The Writs

19   were issued based upon the Court's finding that there was sufficient facts supporting the

20   reasonable probability of the  United States' right to recover, and reasonable cause to believe that

21   the Chans were about to dispose or conceal their assets in such a way as to hinder the United

22   States' ability to recover the debt.

23

24

The Chans filed a Motion to Quash the Writs of Garnishment on November 4, 2010 arguing that the Government had not met its burden to establish the probability of a debt and the Chans were attempting to hinder its collection, that there was no evidence tying Judy Chan to the alleged fraudulent conduct, the amount of the debt was overstated, and that exempt assets were attached.  On November 12, 2010, the United States filed a Motion to Conduct Early Discovery regarding the Chans' assets.  In response to the United States' discovery motion the Chans sought a stay of proceedings until the Government completed its criminal investigation of the Chans.  After several delays and a telephone status conference with the Court, the Chans withdrew their Motion to Quash on December 27, 2010, just three days before the scheduled evidentiary hearing.

After oral argument on December 30, 2010 the Court granted in part both the Motion for Discovery and Motion for Stay.  The Court ordered that the United States may commence immediate discovery from the Chans and their children, limited to their financial condition and assets.  The Court stayed discovery and other proceedings on the underlying False Claims Act allegations.

On December 29, 2010, the Chans filed a Motion to Suppress all evidence obtained from the search of the Chans' clinic and to suppress all evidence given to the Government by the Relator.  The Court scheduled an evidentiary hearing on the motion for March 3, 2011.  The evidentiary hearing was not held on March 3, 2011.  Instead, the Court conducted a status conference and reset the evidentiary hearing for first, April 22, 2011 and later to May 26, 2011.

On January 26, 2011, the United States propounded written interrogatories and requests for production to the Chans seeking financial information dating to 2005.  The Chans objected to all the questions as beyond the scope of the Court's Order allowing asset based discovery.  They

1  also objected on Fifth Amendment grounds.  [*See* Dkt. #117, Exh. D].  They did provide,

2  however, tax returns for the tax years 2008-2009.

3         Unbeknown to the Court, the Government, and apparently to the Chans' counsel, the

4  Chans closed their medical practice and moved to Taiwan sometime in February, 2011.  [*See*

5  Dkt. #132].

6         On May 25, 2010, Alfred and Judy Chan were indicted on 20 counts of health care fraud

7  and were also charged with false statements to the United States Attorney, obstruction of justice,

8  and money laundering.  [*See* CR11-5284RBL].  The case was unsealed on July 12, 2011, and the

9  Chans' arraignments were set for August 9, 2011.  Neither Alfred nor Judy Chan or their

10  attorneys appeared for the arraignment.  Arrest warrants remain outstanding.

11         On July 22, 2011, the Court ordered the Chans to provide asset based discovery dating to

12  2005 and directed that their depositions be set after their arraignment on the criminal charges.

13  After the Chans failed to appear for their arraignments on August 9, 2011, the United States

14  moved to lift the stay of proceedings as to the False Claims Act allegations in the Complaint and

15  sought an order resetting their depositions.  On September 6, 2011, the Court granted the United

16  States' motion, lifted the previously imposed stay, and directed that the Chans appear for their

17  depositions no later than September 30, 2011.  [Dkt. #169].

18         On September 7, 2011, counsel for the Chans informed the Government that the Chans

19  did not intend to travel to the United States for their depositions.  The stated reason was the

20  health of Judy Chan.  [Dkt. #173, Exh. A].  The Court was made aware of this the same day in an

21  email from counsel requesting a status conference.  [*Id*., Exh. C].  On September 9, 2011, as a

22  consequence of the  Chans' failure to attend their depositions as ordered, the Court struck the

23  Chans' Motion to Suppress.  [Dkt. #170].

24

1    The Chans are now amenable to being deposed in Taiwan and are now willing to pay the

2    cost of travel for the United States; however, they indicate that they may still assert their Fifth

3    Amendment rights.  [Dkt. #181, p. 7].

### III.   DISCUSSION

**A. Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B.  The Fifth Amendment and Adverse Inferences.**

A party may assert the Fifth Amendment in a civil proceeding where answers might incriminate him in future criminal proceedings. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). The Court may, however, "draw adverse inferences from their failure of proof." *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

ORDER- 5

1  "*Levkowitz* and *Baxter* require that there be evidence in addition to the adverse inference to

2  support a court's ruling." *Colello*, 139 F.3d at 678.

3  **C.  Evidence in Addition to the Adverse Inference Exists in This Case.**

4      In support of the United States' *Ex Parte* Application for Pre-Judgment Writs of

5  Garnishment the Government presented the Affidavit of Defense Criminal Investigative Service,

6  Office of the Inspector General ("DCIS-OIG") Special Agent Andreas Kaltsounis.  [Dkt. #24].

7  S/A Kaltsounis' affidavit details the evidence obtained during the investigation of the Chans'

8  medical clinic.  It includes the evidence obtained from the Relator (treatment orders and

9  superbills), other current and former employees of the clinic (treatment orders and superbills)

10  witness statements, and a search of the clinic by law enforcement pursuant to a search warrant.

11      In a Supplemental Declaration by S/A Kaltsounis filed in response to the Chans' Motion to

12  Quash the Writs, he outlines further evidence of the Chans' fraud.  [Dkt. #58-1].  In an interview

13  of Dr. Chan conducted by agents during the search of the clinic, Dr. Chan admitted that Judy

14  Chan was the office manager and together with the Relator handled billing matters.  Dr. Liao, a

15  physician who was Dr. Chan's former business partner, told the agents that Judy Chan explained

16  to him how to overbill for doses of medication.  When questioned by agents, Judy Chan stated

17  that she was aware of a few instances of overbilling, but those instances had been resolved and

18  the insurance companies were reimbursed.  When confronted with the agent's knowledge from

19  the ongoing investigation she stated that "if" overbilling was occurring, it was because of

20  "money problems" the Chans were having.  [Dkt. #58-1, p. 8].

21      This evidence is highly probative of the allegations of violations of the False Claims Act.  It

22  clearly shows that the Chans billed for more drugs than Dr. Chan ordered administered to his

23  patients.  The Chans have presented no evidence to refute these claims.

24

**D.  The Chans' Assertion of the Fifth Amendment Deprives the United States and the Relator's Right to a Fair Proceeding.**

The Chans continually asserted their Fifth Amendment rights in response to the Government's asset based discovery.  They refuse to travel to the United States for their court-ordered depositions regarding their assets and the underlying claims for violations of the False Claims Act.  They failed to appear to answer to the pending criminal charges.  They have given no indication of when, if ever, they intend to return to the United States.

In this circumstance, the Chans' assertion of their Fifth Amendment rights has "obliterated" the United States' and the Relator's right to a fair proceeding.  *Doe ex. rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000), citing *Serafino v. Hasbro, Inc.,* 82 F.3d 515, 518 (1st Cir. 1996).

## IV.   CONCLUSION

The United States' overwhelming evidence of violations of the False Claims Act together with the adverse inference to be drawn from the Chans' assertion of their Fifth Amendment rights meets the Government's burden to prove that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law.  The Chans have not refuted that evidence.  Accordingly:

//

//

//

//

//

//

//

1.  The United States' Motion for Partial Default Judgment, or, in the Alternative, Partial Summary Judgment [Dkt. #172] is **GRANTED** in so far as it seeks partial summary judgment;

2.  The Government is awarded $4,861,236 in damages and penalties under the False Claims Act;

3.  Defendants Alfred H. Chan and Judy H. Chan are precluded from contesting the Government's allegations regarding their fraudulent transfers; and

4.  Defendants' Objection and Motion to Strike Relator's Reply [Dkt. #183] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 8th day of December, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE